DAVIS v. ÆTNA MUTUAL FIRE INSURANCE CO.

DAVIS v. AMERICAN MANUFACTURERS' MUTUAL FIRE INSURANCE CO.

DAVIS v. HOME MANUFACTURERS' INSURANCE CO.

When an insurance policy is issued in New Hampshire by a New Hampshire company to a resident of Massachusetts on property situate in Massachusetts, not being in the New Hampshire standard form of policy but in a radically different form used by the company only for risks in other states, and containing no reference to the New Hampshire statutes, but containing provisions invalid according to those statutes, it is to be regarded as intended to be governed by the laws of Massachusetts, and that intention will prevail.

ASSUMPSIT, on policies of insurance against fire.  Facts agreed. The plaintiff, at the date of the policies, was and still is a resident of Massachusetts, and the property insured is situate in Massachusetts.  The defendant companies were organized under the laws of New Hampshire, and their principal place of business is in New Hampshire.  The plaintiff applied for insurance to a broker in Massachusetts, who applied to brokers in Indiana, and they sent applications to the defendants at Concord, New Hampshire, and the policies were there made.

The defendant companies issue two forms of policies,—one the New Hampshire standard form, which they issue to cover risks on property situate in New Hampshire; the other like the policies in suit, which is not the New Hampshire standard form, and does not contain the statute laws of New Hampshire or any reference thereto, this form being used by them only on property situate outside of New Hampshire.  The policies in suit contain certain provisions which are invalid if the contracts are governed by the statutes of New Hampshire, and the defendants set up defences based upon such provisions.  If the contracts are held to be Massachusetts contracts, or not to be construed in accordance with the New Hampshire statutes, the cases are to stand for trial; otherwise, the plaintiff is to have judgment.

*Samuel C. Eastman*, for the plaintiff.

*Streeter, Walker & Chase*, for the defendants.

BLODGETT, J.  The policies in suit having been made at the defendants' office in this state on applications received by mail, the contracts became complete when the policies were deposited in the mail to be forwarded to the insurance brokers from whom

the applications were received (*Abbott* v. *Shepard*, 48 N. H. 14, *Tayloe* v. *Merchants Ins. Co.*, 9 How. 390, *Shattuck* v. *Mutual Life Ins. Co.*, 4 Cliff. 598, *Utley* v. *Donaldson*, 94 U. S. 29, 45, *Eames* v. *Home Ins. Co.*, *id.* 621, and *Bailey* v. *Hope Ins. Co.*, 56. Me. 474); and as the general rule is that the law of the place where the contract is made is to govern as to its nature, validity, construction, and effect (*Stevens* v. *Norris*, 30 N. H. 466, 470), *prima facie*, the contracts in question are New Hampshire contracts, and are to be interpreted accordingly. If, however, the parties to a contract have a view to its being executed elsewhere, it is to be governed according to the law of the place where it is to be executed. *Cox* v. *United States*, 6 Pet. 172, 203; *Warder* v. *Arell*, 2 Wash. Va. 282; Bish. Con., *s.* 731, and authorities cited. "The primary rule in all expositions of this sort is that of common sense." Sto. Conf. Law, *s.* 270. The object is to ascertain the real intention of the parties; and to ascertain that intention, regard may be had to the nature of the instrument itself, the situation of the parties executing it, and the purpose they had in view. *Corwin* v. *Hood*, 58 N. H. 401; *Dyer* v. *Hunt*, 5 N. H. 401, 405. In short, the intention is to be ascertained from all competent evidence. *Crawford* v. *Parsons*, 63 N. H. 438.

Applying these rules to the contracts under consideration, there is little, if any, room for doubt or disputation that the parties intended that they should be governed by the law of Massachusetts. The property covered by the policies was located in that state. The assured resided there. The New Hampshire standard form of policy was not used. The parties did not agree to be bound by that form, but they did agree to be bound by a special and radically different form, which is used by the defendants "only upon property situated outside of New Hampshire." These facts afford competent evidence and satisfactory proof that the intention of the defendants was to contract with reference to the laws of Massachusetts; and the inference is equally strong that the intention of the plaintiff was not otherwise.

The contracts are to be construed by the laws of Massachusetts.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.