Merrimack, }
June, 1895. }

### DAVIS v. ÆTNA MUTUAL FIRE INSURANCE CO.

In an action on a policy of insurance upon property in Massachusetts, a stat-
ute of that state making railroads liable for fires occasioned by their loco-
motives is not admissible upon the question whether a failure to inform
the company that the property was located near a railroad was the sup-
pression of a fact material to the risk.

ASSUMPSIT, upon a policy of insurance on the plaintiff's mill
and contents in Massachusetts, which were destroyed by fire.
Verdict for the plaintiff.

The policy contained the following provision, among others :
" The assured by the acceptance of this policy hereby warrants,
that any application, survey, plan, statement, or description, con-
nected with procuring this insurance, or contained in or referred
to in this policy, is true, and shall be a part of this policy; that
the assured has not overvalued the property herein described,
nor omitted to state to the company any information material to
the risk."

The property insured was situated within a few feet of a rail-
road track, on which locomotive engines frequently passed. The
plaintiff omitted to state this fact in her application. On the
question whether this was the suppression of a material fact, the
plaintiff was permitted, subject to exception, to read to the jury
as evidence, s. 214, c. 112, Mass. P. S., which is as follows:
" Every railroad corporation and street railway company shall
be responsible in damages to a person or corporation whose
buildings or other property may be injured by fire communi-
cated by its locomotive engines, and shall have an insurable
interest in the property upon its route for which it may be so
held responsible, and may procure insurance thereon in its own
behalf."

This is the same case as *Davis* v. *Insurance Co.*, 67 N. H. 218.
The plaintiff moves for a rehearing on the opinion delivered in
that case, on the point that the contract should be construed by
the laws of Massachusetts.

*Samuel C. Eastman*, for the plaintiff.

*Streeter, Walker & Chase*, for the defendants.

WALLACE, J. The contract is to be construed according to
the laws of Massachusetts, and the plaintiff's motion for a re-

hearing in *Davis* v. *Insurance Co.*, 67 N. H. 218, is denied for the reasons stated in the opinion in that case.

Mass. P. S., *c.* 119, *s.* 181, provides in substance that no misrepresentation in obtaining a policy shall avoid it unless " such misrepresentation is made with actual intent to deceive or unless the matter misrepresented increases the risk of loss." One of the questions tried was whether the insured suppressed any material fact, within the meaning of this statute, in her application for insurance. The defendants claimed that she did, by not informing them of the existence of a railroad track in close proximity to the insured premises, which increased the risk of loss by fire.

The object of the statute in regard to misrepresentations of the assured avoiding a policy, was to make only such misrepresentations a good defence as concealed some matter which actually increased the danger of the property's burning. It refers to the actual physical risk of its taking fire. If the matter concealed increases this risk of fire, it is a good defence. The risk of loss spoken of in the statute does not refer to the question of the ultimate money loss of the insurance company, nor whether there is any third person from whom they might recover damages in case of loss. The question for the jury was whether the concealment of the existence of a railroad near the insured property was the misrepresentation of a material fact that increased the physical hazard of a fire. The fact that the insurance company might recover damages from the railroad company could have no bearing on this question. If the risk of the property being destroyed by fire was actually increased, yet the insurance company might be unable to prove that the fire was caused by a locomotive engine, or the railroad company might not be good financially, and the expense and trouble of collecting the amount of the loss from the railroad company might be very considerable. Notwithstanding the statutory right of the insurance company to recover the amount of their loss from the railroad company, yet, considering the uncertainties attending its enforcement, they might wish to decline to insure the property in view of the increased risk from fire.

The admission of the statute making railroad companies responsible in damages for fires communicated from their engines could not aid the jury in determining the real question, which was whether the concealment of the existence of a railroad close to the property was the misrepresentation of a matter which increased the risk of the property taking fire. It was not competent evidence on that question. Its admission in evidence before the jury would have a tendency to confuse and mislead them, and make them think the question for them to determine was not whether the concealment of the existence of the railroad

increased the risk of fire, but whether it increased the risk of money loss.

This conclusion renders it unnecessary to consider the other questions raised.

*Exceptions sustained.*

.All concurred.